IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

2012 SEP 24 PM 2: 25

CLERK
SO. DIST. OF GA.

TONY B. BUTLER,

    Plaintiff,

v. : CIVIL ACTION NO.: CV512-063

JIMMY TOOMBS; BROWN SEBRESKAN
DAAIM; and COURTNEY GAINES
HORTON,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is presently housed at the Coffee County Jail in Douglas, Georgia, filed an action filed pursuant to 42 U.S.C. § 1983 contesting the conditions of his confinement. A detainee proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915 & 1915A. In determining compliance, the court shall be guided by the longstanding principle that *pro se* pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972); Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988).

28 U.S.C. § 1915A requires a district court to screen the complaint for cognizable claims before or as soon as possible after docketing. The court must dismiss the complaint or any portion of the complaint that is frivolous, malicious, fails to state a

claim upon which relief may granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2).

In Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997), the Eleventh Circuit interpreted the language contained in 28 U.S.C. § 1915(e)(2)(B)(ii), which is nearly identical to that contained in the screening provisions at § 1915A(b). As the language of § 1915(e)(2)(B)(ii) closely tracks the language of Federal Rule of Civil Procedure 12(b)(6), the court held that the same standards for determining whether to dismiss for failure to state a claim under Rule 12(b)(6) should be applied to prisoner complaints filed pursuant to § 1915(e)(2)(B)(ii). Mitchell, 112 F.3d at 1490. While the court in Mitchell interpreted § 1915(e), its interpretation guides this court in applying the identical language of § 1915A.

Plaintiff asserts that he was accused of entering Defendant Toombs' house on March 22, 2011. Plaintiff also asserts that Defendant Toombs pointed a gun at him and held Plaintiff against his will. Plaintiff further asserts that Defendant Toombs' grandson, Defendant Daaim, and his friend, Defendant Gaines, assaulted Plaintiff on this same date. Plaintiff seeks monetary damages from Defendants and asks the Court to issue an injunction against Defendants.

"In order to prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "[S]tate action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by the rule of conduct imposed by the State or by a person for whom the State is responsible,' *and* that 'the party charged with the

2

deprivation must be a person who may fairly be said to be a state actor.'" Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000) (emphasis in original) (citation omitted).

Plaintiff has not shown that Defendants' actions violated his constitutional rights. More importantly, Plaintiff fails to show that Defendants can be said to be state actors. Because Plaintiff fails to state a successful claim pursuant to § 1983, this Court should decline to exercise supplemental jurisdiction over any alleged state law claims Plaintiff may have set forth against Defendants. 28 U.S.C. § 1367(c)(3) (a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims over which it has original jurisdiction).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Complaint be **DIMISSED** based on his failure to state a claim upon which relief may be granted by this Court.

**SO REPORTED** and **RECOMMENDED**, this 24th day of September, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)